IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. MOFFETT, II, )
        Plaintiff )    C.A. 13-188 Erie
)
v. )
)    Magistrate Judge Baxter
WEXFORD HEALTH, INC., et al., )
        Defendants. )

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On June 27, 2013, Plaintiff Michael J. Moffett, II, a prisoner incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCI-Pittsburgh"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 8]. Named as Defendants are Wexford Health, Inc. ("Wexford"), a health services organization under contract with the Pennsylvania Department of Corrections to provide medical services to inmates at SCI-Pittsburgh, and Lisa Colvin, LPN ("Colvin"), a nurse employed by Wexford.

In his *pro se* Complaint, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. In particular, Plaintiff alleges that on May 23, 2013, he was given 10 mg of his prescription medication Zyprexa, instead of his usual 5 mg dosage. As a result, Plaintiff alleges that he suffered dizziness, headache, high blood pressure, ringing in the ears, blurry vision, and constipation. As relief for his claim, Plaintiff seeks monetary damages.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 9, 23].

On September 12, 2013, Defendants filed a motion to dismiss [ECF No. 16], asserting, *inter alia*, that Plaintiff has failed to state a claim of deliberate indifference upon which relief may be granted. Plaintiff has since filed a response to Defendants' motion, essentially reaffirming the allegations of his complaint. [ECF No. 22]. On the same date, Plaintiff also filed a "motion to let Plaintiff state a specific amount of claim to Wexford Health Inc." [ECF No. 21]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[2] involves the "unnecessary and wanton

---

[2] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, Plaintiff's complains that Defendants administered the wrong dosage of medication on one occasion, which caused him to suffer significant, but temporary, side effects. Significantly, Plaintiff does not allege that Defendants refused or delayed needed medical treatment or denied him prescribed medication, nor does he allege that Defendants purposefully gave him the wrong dosage of medication with the intent to harm him. He simply claims that he

was given an overdose of medication by Defendants, who "are well trained and educated to not make medication errors and mistakes while distributing medication to inmates" (ECF No. 22, Plaintiff's Brief, at p. 2). In other words, Plaintiff wants Defendants to pay for their mistake; however, a single episode of mistakenly providing the wrong dosage of medication does not amount to a constitutional violation. See, e.g., Bayton v Monroe County Prison, 2013 WL 2897795 at *7-8 (M.D. Pa. June 11, 2013) (mistakenly providing pain medication that caused an adverse reaction in plaintiff amounted only to negligence that was not actionable under §1983); Richardson v. U.S., 2010 WL 2571855 (M.D. Pa. June 22, 2010) (isolated incident of mistakenly giving plaintiff another inmate's medication was insufficient to establish constitutional violation); McCurry v. Nauroth, 1990 WL 87326 at *3 (E.D.Pa. June 13, 1990) (an isolated incident of overprescribing three extra pills of Motrin was attributable to unintentional human error and did not amount to a constitutional violation). Accordingly, Defendants' motion to dismiss Plaintiff's claim will be granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. MOFFETT, II,<br>Plaintiff | )<br>)<br>) | C.A. No. 13-188 Erie |
| v. | )<br>) | Magistrate Judge Baxter |
| WEXFORD HEALTH, INC., et al.,<br>Defendants | )<br>)<br>) | |

# ORDER

AND NOW, this 26th day of June, 2014,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [ECF No. 16] is GRANTED and this case is DISMISSED. It is FURTHER ORDERED that Plaintiff's "motion to let Plaintiff state a specific amount of claim to Wexford Health Inc." [ECF No. 21] is dismissed as moot.

The Clerk is directed to mark this case closed.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge